774 So.2d 83 (2000)
Stephen R. BUSSELL, et al.
v.
WEST CALCASIEU CAMERON HOSPITAL, et al.
No. 00-CC-2456.
Supreme Court of Louisiana.
November 27, 2000.
PER CURIAM.
In June 1995, plaintiff, Steven R. Bussell, along with other employees of the Citgo Refinery, was referred by his employer to the West Calcasieu Cameron Hospital to be tested for carpal tunnel syndrome. One test, a nerve sensation screening, involved touching the employee's arm with a safety pin. Plaintiff was fourth or fifth in line for testing. When it was plaintiffs turn, the occupational therapist, Cammie Olney, allegedly pierced plaintiffs forearm with a safety pin and some small drops of blood appeared. Plaintiff became upset at the incident, but declined to seek treatment at the emergency room. Thereafter, the hospital paid for plaintiff to undergo HIV antibody and hepatitis testing in June 1995 and June 1996. The tests came back negative.
Subsequently, plaintiff filed a medical malpractice claim with the Patient's Compensation Fund, naming the hospital and Ms. Olney as defendants. Plaintiff alleged he suffered emotional anxiety and worry about the potential of contracting the HIV virus from the safety pin prick. The medical *84 review panel unanimously held the evidence did not support the conclusion that the hospital or Ms. Olney failed to comply with the appropriate standard of care.
Plaintiff then filed suit against the hospital and Ms. Olney in the district court. Defendants filed a motion for summary judgment. Defendants relied on an affidavit from Ms. Olney, in which she stated that no one else in the line with plaintiff was pricked with the safety pin. Plaintiff failed to produce any factual support for his claim that he had been exposed to the HIV virus.[1]
After a hearing, the district court denied defendants' motion for summary judgment. Defendants sought supervisory review of the district court's judgment. A five judge panel of the court of appeal denied the application with two judges dissenting. Defendants now seek relief in this court.
The burden of proof for a motion for summary judgment is set forth in La.Code Civ. P. art. 966 C(2), which provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In the instant case, an essential element of plaintiffs claim is that there was a risk of transmission of HIV-tainted blood from the pin prick incident, making his fear of AIDS reasonable. Defendants showed an absence of factual support for this essential element of plaintiffs claim by producing the affidavit from Ms. Olney, which indicated no other persons before plaintiff had their skin pricked or punctured with the safety pin. At this point, the burden shifted to plaintiff to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Plaintiff failed to do so. Therefore, summary judgment in favor of defendants is mandated by La.Code Civ. P. art. 966.
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is rendered in favor of defendants.
NOTES
[1] During discovery, defendants propounded interrogatories and a request for admission asking plaintiff to provide the name of all persons who will testify Ms. Olney cut, punctured or penetrated someone's skin other than plaintiff's on the day in question, or admit he has no such witness. Plaintiff apparently failed to respond to either request.